```
            IN THE UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEBRASKA

MICHAEL BAUERMEISTER,           )
Shareholder, and HMONG          )
SATELLITE T.V., INC.,           )
                                )
            Plaintiffs,         )          8:11CV330
                                )
       v.                       )
                                )
HOST GATOR, L.L.C.,             )          MEMORANDUM OPINION
                                )
            Defendant.          )
_____)
```

Plaintiff filed his complaint in this matter on September 26, 2011 (Filing No. 1).  Plaintiff has been given leave to proceed in forma pauperis in this matter (Filing No. 5).  The Court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed his complaint against one defendant, Host Gator, L.L.C. (Filing No. 1 at CM/ECF p. 1).  In its entirety, the complaint alleges, "Host Gator, L.L.C. allow Kor Xiong to created the website under his name and at the address of 337 W. Wisconsin Avenue Suite 6, Appleton, WI 54911.  Which it lie consider the company is register under William Xiong at 5207 Duvall Street NW Rochester, MN 55901-3832 on October 19, 2010."  (Id. at CM/ECF p. 2.)  Plaintiff requests that the Court "[s]top

down the website and the defendants pay for the damages." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. &*

*Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

Even under the most liberal construction, plaintiff's complaint is nonsensical. Regardless, the Court must dismiss this action because it does not have subject-matter jurisdiction over it. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, plaintiff alleges that he and defendant reside in different states, but he does not allege any amount in controversy (Filing No. 1 at CM/ECF p. 4). Indeed, plaintiff does not allege any specific monetary damages at all. Instead, he vaguely requests that the Court force "defendants [to] pay for the damages." (*Id.* at CM/ECF p. 5.) Thus, plaintiff has failed

to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). As set forth above, plaintiff's complaint is nonsensical. Plaintiff does not set forth any specific actions taken by defendant that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. In short, plaintiff does not allege that defendant deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, the Court lacks subject-matter jurisdiction, and the complaint will be dismissed without

prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 5th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.